# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO.:

CASSANDRA ROSA,
     Plaintiff,

v.

ADVENTIST HEALTH
SYSTEM/SUNBELT, INC.,
a Florida Not For Profit
Corporation,
     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, CASSANDRA ROSA ("Ms. Rosa" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. ("AHSS" or "Defendant"), a Florida not for profit corporation, and in connection therewith states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Uniformed Services Employment and Re-employment Rights Act of 1994, as amended (38 U.S.C. §4301, *et seq.*, hereinafter called "USERRA") and the Florida Uniformed Servicemembers Protection Act ("FUSPA"), Fla. Stat. § 250.80, *et seq.*, to recover front pay and back pay with interest, benefits with

interest, an additional equal amount as liquidated damages, compensatory damages, declaratory relief, and reasonable attorney's fees, costs, and expenses, and any other damages permitted by law.

2. The federal question jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331.

3. This Court has the authority to grant declaratory relief pursuant to the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Orange County, Florida.

## PARTIES AND FLSA COVERAGE

5. At all times material hereto, Plaintiff was a resident of Seminole County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a Florida not for profit corporation which maintains a location and conducts substantial business in Orange County, Florida, and continues to be engaged in business in Orange County, Florida, where Plaintiff performed work for Defendant.

7. At all times material hereto, AHSS was an "employer" within the meaning of USERRA and FUSPA.

## STATEMENT OF FACTS

2

8.    Plaintiff worked as a CT and X-Ray Technologist for AHSS at an AdventHealth East Orlando facility in Orlando, Florida, from July 8, 2019, until November 1, 2021.

9.    Shortly after Ms. Rosa underwent new employee orientation in July of 2019, she informed her newly-installed AHSS Supervisor, Stacey Smith, that she was a Reservist in the United States Navy.

10.    Ms. Smith made clear by her demeanor that she found Ms. Rosa's status as a Reservist in the United States Navy to be distasteful and bothersome.

11.    Due to COVID-19, much of the drilling being done by Ms. Rosa's Naval Reserve Unit was being done virtually.

12.    By July of 2021, however, Ms. Rosa's Naval Reserve Unit had gotten back to live, in-person drills.

13.    When the time came for unit requirements to start drilling in person, however, Ms. Smith and AHSS refused to allow Ms. Rosa to take time off from AHSS to perform her Reservist duties.

14.    Ms. Rosa's Navy Unit Chief told Ms. Rosa that she must attend Reserve Duty, no matter what.

15.    Still, Ms. Smith and AHSS insisted that Ms. Rosa somehow find somebody to "cover" her shift before AHSS would agree to take Ms. Rosa off the schedule.

16.     Ms. Smith threatened that she would write Ms. Rosa up if Ms. Rosa called out from work at AHSS for Naval Reserve Duty.

17.     Throughout Ms. Rosa's employment with AHSS, Ms. Smith and AHSS also punitively forced Ms. Rosa to work the night before reporting for Naval Reserve Unit drills, despite her Unit Chief's order that Ms. Rosa refrain from doing so.

18.     AHSS knew that its acts violated the law.

19.     Alternatively, AHSS should have known that its acts violated the law.

20.     On November 1, 2021, realizing that AHSS's discrimination and retaliation based on serving as a Reservist in the United States Navy was worsening rather than improving, and showed no signs of abating, Ms. Rosa reluctantly resigned from employment with AHSS.

21.     No reasonable person would have done otherwise.

22.     Plaintiff has retained the law firm of RESOLUTION LEGAL, P.L. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF USERRA

23.     Plaintiff reincorporates and re-alleges paragraphs 1 through 22 of the Complaint, above, as though fully set forth herein, and further alleges as follows:

4

24. During Plaintiff's employment with Defendant, Plaintiff was a member of a uniformed service:  the United States Navy Reserve.

25. Plaintiff was therefore protected by USERRA from discrimination and/or retaliation on that basis.

26. Defendant violated Plaintiff's rights under USERRA by forcing her discharge because of her membership in a uniformed service.

27. Defendant's violations of USERRA were willful.

28. As a result of the above-described discriminatory and retaliatory acts, Plaintiff has been made to suffer lost pay and benefits.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor by this Court against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of USERRA;

b. Awarding Plaintiff front pay; providing back pay and benefits with interest; and ordering Defendant to pay compensatory damages;

c. Awarding Plaintiff liquidated damages in an amount equal to the award of front pay and back pay;

d. Awarding Plaintiff reasonable attorneys' fees and costs and

expenses of the litigation;

e.     Award Plaintiff pre-judgment interest; and

f.     Awarding Plaintiff any other and further relief that this Court deems just and proper.

## COUNT II
## VIOLATION OF FUSPA

29.     Plaintiff reincorporates and re-alleges paragraphs 1 through 22 of the Complaint, above, as though fully set forth herein, and further alleges as follows:

30.     During Plaintiff's employment with Defendant, Plaintiff was a member of a uniformed service:  the United States Navy Reserve.

31.     Plaintiff was therefore protected by FUSPA from discrimination and/or retaliation on that basis.

32.     Defendant violated Plaintiff's rights under FUSPA by forcing her discharge because of her membership in a uniformed service.

33.     Defendant's violations of FUSPA were willful.

34.     As a result of the above-described discriminatory and retaliatory acts, Plaintiff has been made to suffer lost pay and benefits.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor by this Court against Defendant:

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of FUSPA;

6

b.  Awarding Plaintiff front pay; providing back pay and benefits with interest; and ordering Defendant to pay compensatory damages;

c.  Awarding Plaintiff liquidated damages in an amount equal to the award of front pay and back pay;

d.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation;

e.  Award Plaintiff pre-judgment interest; and

f.  Awarding Plaintiff any other and further relief that this Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 6th day of June, 2024.

Respectfully submitted,

**_By: /s/ Noah E. Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*